# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv244

| | |
|---|---|
| GARRETT FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability insurance benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 13 & # 15]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 15], **DENY** Plaintiff's Motion for Summary Judgment [# 13], and **AFFIRM** the Commissioner's decision.

   I.   **Procedural History**

Plaintiff filed an application for disability insurance benefits and an application for supplemental security income on March 31, 2011.

(Transcript of Administrative Record ("T.") 174-91.) Plaintiff alleged an onset date of December 31, 2010. (T. 174.) The Social Security Administration denied Plaintiff's claim. (T. 131-35.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 136-45.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 31-49.) At the hearing, Plaintiff amended his alleged onset date to August 1, 2009. (T. 32.) The ALJ then issued a decision finding that Plaintiff was not disabled through the date of the decision. (T. 17-24.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-6). Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must

consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his May 2, 2012, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (T. 24.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2013.

(2) The claimant has not engaged in substantial gainful activity since August 1, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: chronic inflammatory demyelinating polyneuropathy and diabetes. (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except never climbing ladders, ropes or scaffolds, never crouching, no more than occasional climbing ramps and stairs, occasional balancing, stooping, kneeling, or crawling; no more than occasional fingering bilaterally or frequent handling bilaterally; and no concentrated exposure to extreme cold, extreme heat, vibration, or dangerous moving machinery; or any unprotected heights.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on May 16, 1982, and was 27 years old, which is defined as a younger individual age 18-49, on the amended disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant

> can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> (11) The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T. 19-23.)

### IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by

substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

A. Plaintiff did not Err in Assessing Listing 11.14

At step three of the five step inquiry, the ALJ must determine whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, Subpart P. Mastro, 270 F.3d at 177. A finding that a claimant's impairment meets one of the listing of impairments is sufficient to establish disability. 20 C.F.R. § 404.1520(a)(4)(iii). Listing 11.14 addresses peripheral neuropathies. 20 C.F.R. Pt. 404, Subpart P., App'x 1 § 11.14. In order to meet the listing requirements for peripheral neuropathies, a claimant must suffer from disorganization of motor function as set forth in listing 11.04B despite undergoing prescribed treatment. Id. Listing 11.04B provides for "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station . . . ." 20 C.F.R. Pt. 404, Subpart P., App'x 1 § 11.04B.

Plaintiff contends that the ALJ erred in considering whether Plaintiff's impairments met or equaled Listing 11.14. Specifically, Plaintiff contends that the

---
[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

ALJ's analysis was insufficient as a matter of law because the ALJ failed to compare the listing to the facts of the case. In addition, Plaintiff contends that his impairments meet Listing 11.14. Plaintiff's arguments are without merit.

At step three, the ALJ found that:

> Although the claimant has "severe" impairments, they do not meet the criteria of any listed impairments described in Appendix 1 of the Regulations (20 CFR, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. In reaching this conclusion, the undersigned has considered, in particular, sections 9.00(B)(5) and 11.14.

(T. 20.) While the ALJ could have addressed Listing 11.14 in a more specific manner and made this Court's review easier, remand is not required because the ALJ considered the relevant evidence that Plaintiff contends supports a finding that he meets Listing 11.14 at step four. See McCarthey v. Apfel, 28 F. App'x 277, 279 (4th Cir. 2002) (unpublished)("As to McCartney's unsubstantiated claim that the ALJ must have analyzed the medical evidence at step three, rather than at step four, we agree with the district court that the ALJ need only review medical evidence once in his decision."); Smith v. Astrue, 457 F. App'x 326, 328 (4th Cir. 2011) (unpublished). Moreover, there is no strict requirement that the ALJ specifically address each of the listing requirements. Shelton v. Colvin, No. 1:12-

CV-279, 2013 WL 3816607, at *3 (W.D.N.C. Jul 22, 2013) (Whitney, J.). And this is not a case where the ALJ failed to consider the relevant medical evidence or failed to provide any reason for why the Plaintiff did not meet a listing. Rather, the ALJ discussed the relevant evidence in his decision and provided sufficient reasoning for his decision to allow this Court to conduct judicial review. Compare Russell v. Chater, No. 94-2371, 1995 WL 417576, at * 3 (4th Cir. 1995) (unpublished) with Radford v. Colvin, 734 F.3d 288, 295-6 (4th Cir. 2013).

Finally, substantial evidence supports the decision of the ALJ that Plaintiff did not meet listing 11.14 as the medical evidence in the record does not support a finding that Plaintiff suffers from "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station . . . ." 20 C.F.R. Pt. 404, Subpart P., App'x 1 § 11.04B. Plaintiff has failed to point this Court to medical evidence in the record demonstrating the degree of significant and persistent disorganization of motor function necessary to meet Listing 11.14. Accordingly, the Court finds that the ALJ did not err in assessing whether Plaintiff met Listing 11.14 and remand is not required.

**B. The ALJ did not Err in Weighing the Opinion Evidence**

In evaluating and weighing medical opinions, the ALJ considers: "(1)

whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling

weight or special significance." Id.

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a non-treating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a non-treating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Plaintiff contends that the ALJ erred in the weight he assigned to the opinion

of Dr. Robert Armstrong, one of Plaintiff's treating physicians. Dr. Armstrong opined that Plaintiff had the capacity to carry a maximum of 20 pounds and frequently carry less than ten pounds. (T. 339.) Dr. Armstrong found that Plaintiff could only walk or stand for a total of one to two hours during an eight hour workday and for only five to ten minutes without interruption. (Id.) In addition, Dr. Armstrong found that Plaintiff could only sit for four to five hours during the workday and for only fifteen to thirty minutes without interruption. (Id.) Finally, Dr. Armstrong opined that Plaintiff could never climb, balance, or crouch, occasionally stoop, kneel, and crawl; should avoid heights, moving machinery, humidity, and vibrations; and that repetitive reaching, handling, feeling, or pushing/pulling would be affected by Plaintiff's impairments. (T. 340.)

The ALJ summarized the opinion of Dr. Armstrong and then gave some weight to the non-exertional limitations because the limitations were supported by the medical evidence in the record. (T. 22.) The ALJ, however, found that the exertional and manipulative limitations were entitled to less weight because they were not supported by the medical evidence in the record. (T. 22.)

The decision of the ALJ as to the weight to assign the opinion of Dr. Armstrong is supported by substantial evidence in the record and was not the result of legal error. As a threshold matter, any determination that Plaintiff is disabled or

unable to work is an administrative finding reserved for the Commissioner and subject to no weight. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Moreover, the the ALJ specifically addressed the medical opinion of Dr. Armstrong, indicated the weight given to his opinion, and provided sufficient reason in the decision for the weight. See SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996); see also Mastro, 270 F.3d at 178. This was all that was required of the ALJ.

Finally, the ALJ's determination that the opinion of Dr. Armstrong was not supported by the medical evidence in the record is supported by substantial evidence in the record. As the ALJ properly determined, the medical records do not demonstrate the level of impairment and limitations that Dr. Armstrong assessed. See e.g. (T. 21, 254, 257, 300, 322, 330, 333, 344, 350.) Accordingly, the ALJ's decision to assign less weight to the opinion of Dr. Armstrong was supported by substantial evidence in the record and remand is not required in this case.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 15], **DENY** Plaintiff's Motion for Summary Judgment [# 13], and **AFFIRM** the Commissioner's decision.

Signed: September 8, 2014

-12

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).