UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00244-MOC-DLH

| | | |
|---|---|---|
| **GARRETT W. FOX,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and
Recommendation issued in this matter. In the Memorandum and Recommendation, the
magistrate judge advised the parties of the right to file objections within 14 days, all in
accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been
filed within the time allowed and the Commissioner has filed her Response.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court
shall make a *de novo* determination of those portions of the report or specific proposed
findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby
v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal
issues are raised and no factual issues are challenged, *de novo* review of the record may
be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de
novo* review is not required by the statute "when a party makes general or conclusory
objections that do not direct the court to a specific error in the magistrate judge's
proposed findings and recommendations." Id. Moreover, the statute does not on its face

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Here, plaintiff makes two tailored objections: first, plaintiff contends that Judge Howell did not evaluate the ALJ's determination as to whether his impairments met or equaled the criteria of a Listing in a manner consistent with Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013); and second, plaintiff contends that Judge Howell erred in finding that the ALJ properly evaluated Dr. Armstrong's opinion. These objections will be discussed *seriatim*.

## I.

First, as to the claim that the recommendation is not consistent with the decision in Radford, the court can find no merit to such objection. Indeed, plaintiff's objection that "the magistrate wholly ignored" Radford is not an accurate statement. In his decision, Judge Howell determined that remand was not necessary due to a deficiency in the ALJ's Listing Analysis and *specifically* cited Radford, finding as follows:

> And this is not a case where the ALJ failed to consider the relevant medical evidence or failed to provide any reason for why the Plaintiff did not meet a listing. Rather, the ALJ discussed the relevant evidence in his decision and provided sufficient reasoning for his decision to allow this Court to conduct judicial review. *Compare Russell v. Chater*, No. 94-2371, 1995 WL 417576, at * 3 (4th Cir. 1995) (unpublished) *with Radford v. Colvin*, 734 F.3d 288, 295-6 (4th Cir. 2013).

M&R (#16) at 8. While the language used by the ALJ in discussing the listing in Radford is similar to the language used by the ALJ in this case, what is dissimilar is the evidence

of record: as the district court determined in the decision below, the quantum of evidence in Radford supported a finding that claimant's impairments met or equaled a Listing, while in this case, plaintiff failed to present evidence which would meet or equal the listing he argues should have been more fully explored.

Here, Judge Howell discussed at length his determination that the Commissioner did not err in her assessment of Listing 11.14. Review of the recommendation reveals that Judge Howell accurately identified the Listing in question ("20 C.F.R. Pt. 404, Subpart P., App'x 1 § 11.14"), fully described what would have been required to meet that Listing ("a claimant must suffer from disorganization of motor function as set forth in listing 11.04B despite undergoing prescribed treatment"), further considered Listing 11.04B which informs Listing 11.14 ("Listing 11.04B provides for '[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station . . . .'"), and then made a specific determination concerning plaintiff's argument that the ALJ's consideration was inadequate. M&R (#16) at 6-7. Specifically, after quoting the relevant determination by the ALJ which plaintiff called into question, Judge Howell held that the "ALJ considered the relevant evidence that Plaintiff contends supports a finding that he meets Listing 11.14 at step four," id. at 7, and then concluded that

> substantial evidence supports the decision of the ALJ that Plaintiff did not
> meet listing 11.14 as the medical evidence in the record does not support a
> finding that Plaintiff suffers from "[s]ignificant and persistent
> disorganization of motor function in two extremities, resulting in sustained
> disturbance of gross and dexterous movements, or gait and station . . . ." 20
> C.F.R. Pt. 404, Subpart P., App'x 1 § 11.04B. Plaintiff has failed to point
> this Court to medical evidence in the record demonstrating the degree of

> significant and persistent disorganization of motor function necessary to meet Listing 11.14. Accordingly, the Court finds that the ALJ did not err in assessing whether Plaintiff met Listing 11.14 and remand is not required.

Id. at 8. Consistent with the appellate decision in Radford, this court concurs with Judge Howell that the evidence presented in this case would not have "strongly suggested" that plaintiff could meet or equal the criteria of Listing 11.14; therefore, remand for such a determination would be unwarranted.

Further, plaintiff assigns error to Judge Howell's review of the medical evidence – the same evidence plaintiff claimed would have supported a finding in his favor as to such Listing – arguing that the court "engage[d] in the listing analysis in the first instance." Objection (#17) at 3-4. The court finds no merit in such sub-contention inasmuch as Judge Howell did precisely what the statute requires him to do under judicial review, which is to determine whether substantial evidence supports the Commissioner's final decision and whether the Commissioner applied correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Indeed, a court must consider whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971).

Further, the evidence cited by plaintiff in support of his argument that he does meet Listing 11.14 (see Tr. 329-334, 330, 339, 342, 344) does not amount to a body of evidence, such as that found in Radford, that would support a determination that he suffers from "significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station …". 20 C.F.R. Part 404, Subpart P, Appendix I § 11.04B. Indeed, even if

plaintiff had satisfied the first prong as to such listing, he made no showing that any disorganization of motor function exists *in spite of* compliance with prescribed treatment, 20 C.F.R. Part 404, Subpart P, Appendix I § 11.14, as the record contains substantial evidence of non-compliance with a prescribed course of treatment for diabetes. See TR at 21. Thus, as Judge Howell determined, remand is not warranted on this contention and plaintiff's Objection is overruled.[1]

## II.

Second, plaintiff contends that Judge Howell erred in finding that the ALJ properly evaluated Dr. Armstrong's opinion. Plaintiff argues that Judge Howell "failed to discuss the relevant medical evidence and synthesize it with an argument" in determining that the ALJ properly evaluated Dr. Armstrong's opinion. Objections (#17) at 5-6. Again, plaintiff's contention is without merit. Here, Judge Howell thoroughly reviewed the Commissioner's consideration of the opinion evidence given by Dr. Armstrong and whether the weight assigned to that opinion by the Commissioner was consistent with prevailing law:

> Dr. Armstrong opined that Plaintiff had the capacity to carry a maximum of 20 pounds and frequently carry less than ten pounds. (T. 339.) Dr. Armstrong found that Plaintiff could only walk or stand for a total of one to two hours during an eight hour workday and for only five to ten minutes without interruption. (Id.) In addition, Dr. Armstrong found that Plaintiff could only sit for four to five hours during the workday and for only fifteen to thirty minutes without interruption. (Id.) Finally, Dr. Armstrong opined that Plaintiff could never climb, balance, or crouch, occasionally stoop, kneel, and crawl; should avoid heights, moving machinery, humidity, and

---

[1] The court finds no merit to plaintiff's further sub-contention that Judge Howell "conflates two separate causes of relief." Objection (#17) at 4-5. The court instead concurs in Judge Howell's determination that the ALJ's error was in not fully articulating his Listing rationale. As shown by the discussion in the M&R, the court was able to engage in substantive, meaningful review of the final decision of the Commissioner despite the ALJ's error.

vibrations; and that repetitive reaching, handling, feeling, or pushing/pulling would be affected by Plaintiff's impairments. (T. 340.)

The ALJ summarized the opinion of Dr. Armstrong and then gave some weight to the non-exertional limitations because the limitations were supported by the medical evidence in the record. (T. 22.) The ALJ, however, found that the exertional and manipulative limitations were entitled to less weight because they were not supported by the medical evidence in the record. (T. 22.)

The decision of the ALJ as to the weight to assign the opinion of Dr. Armstrong is supported by substantial evidence in the record and was not the result of legal error. As a threshold matter, any determination that Plaintiff is disabled or unable to work is an administrative finding reserved for the Commissioner and subject to no weight. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Moreover, the the ALJ specifically addressed the medical opinion of Dr. Armstrong, indicated the weight given to his opinion, and provided sufficient reason in the decision for the weight. *See* SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996); *see also Mastro*, 270 F.3d at 178. This was all that was required of the ALJ.

Finally, the ALJ's determination that the opinion of Dr. Armstrong was not supported by the medical evidence in the record is supported by substantial evidence in the record. As the ALJ properly determined, the medical records do not demonstrate the level of impairment and limitations that Dr. Armstrong assessed. See e.g. (T. 21, 254, 257, 300, 322, 330, 333, 344, 350.) Accordingly, the ALJ's decision to assign less weight to the opinion of Dr. Armstrong was supported by substantial evidence in the record and remand is not required in this case.

M&R (#16) at 11-12. The ALJ determined, as follows:

Robert F. Armstrong, MD, treating physician, gave the medical opinion that the claimant was capable of occasionally carrying 20 pounds and frequently carrying 10 pounds, standing or walking 2 hours, sitting 5 hours, never climbing, balancing and crouching, occasionally stooping, kneeling and crawling, limitations in reaching, handling, feeling, pushing, and pulling. He added that the claimant should avoid heights, moving machinery, temperature extremes, humidity, and vibrations. A few days later, Dr. Armstrong added that he believes the claimant is incapable of gainful employment and is an appropriate candidate for disability (Ex. 13F, Ex. 14F at 4). Dr. Armstrong's opinion regarding the claimant's non-exertional limitations is given some weight because it is supported by medical signs and finding, because it is consistent with the medical evidence of record and because it was rendered by a treating source. However, less weight is given to the exertional and manipulative

limitations because they are not well supported by the medical record. It should be noted that the issues of whether the claimant is able to work or whether he is disabled are reserved to the Commissioner.

ALJ's Decision (TR at 22).

A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). The opinion of a treating physician is only entitled to controlling weight if it is supported by "clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2).

> If a physician's opinion is not given controlling weight, then the "factors listed below" and in paragraphs (d)(3) through (5) used to determine the amount of weight to be given it are (1) the length of the treatment relationship and the frequency of examination ("the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion"); (2) the nature and extent of the treatment relationship; (3) supportability ("the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"); (4) consistency ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"); and (5) specialization ("[w]e generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist"). Id. The regulation also makes clear, however, that the ultimate determination of disability is reserved for the Commissioner, and "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 416.927(e)(1).

Pittman v. Massanari 141 F.Supp.2d 601, *608 (W.D.N.C. 2001). Clearly, Judge Howell's determination that the Commissioner gave proper weight to Dr. Armstrong's opinion is fully consistent with prevailing case law. The court will overrule plaintiff's second objection and adopt Judge Howell's conclusion.

III.

After careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. In doing so, the court has carefully reviewed the decision of the ALJ, the transcript of proceedings, and plaintiff's Objections. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. As did Judge Howell, this court finds that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Richardson v. Perales</u>, <u>supra,</u> that the Objections are without merit and will be overruled, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Objections (#17) are **OVERRULED**, the Memorandum and Recommendation (#16) is **AFFIRMED,** plaintiff's Motion for Summary judgment (#13) is **DENIED**, the Commissioner's Motion for Summary Judgment (#15) is **GRANTED**, the final decision of the Commissioner is **AFFIRMED**, and this action is **DISMISSED WITH PREJUDICE**.

Signed: October 6, 2014

Max O. Cogburn Jr.
United States District Judge