UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00244-MOC-DLH

| | |
|---|---|
| **GARRETT W. FOX,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER AWARDING EAJA FEES |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiff's Motion for Attorney Fees Under the Equal Access to Justice act. Review of the motion and the attachments to the motion reveals that counsel for plaintiff seeks an attorney's fee in the amount of $11,423.75 and $261.94 in costs as plaintiff was the prevailing party and defendant was not substantially justified in its defense of this action. Plaintiff reports that defendant does not oppose the request.

Independent of such motion and concurrence, the court has conducted a review of the time sheet submitted by counsel, recalls the quality of the briefing submitted by counsel, and has considered her experience in Social Security matters as presented on her firm's website as well as recalling other cases in which counsel has appeared, and finds that number of hours (@ 61.75) as well as the effective

hourly rate (@ $185.00) for a fee totaling $11,423.75 is reasonable in this particular case and well in line with prevailing rates for legal representation in the Asheville and Raleigh communities. Having considered plaintiff's motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Attorney Fees Under EAJA (#29) is **GRANTED**, and the Commissioner of Social Security shall pay to plaintiff, the sum of $11,423.75 plus $261.94 in costs under EAJA, 28 U.S.C. § 2412(d). Pursuant to the United States Supreme Court's ruling in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), these attorney's fees are payable to Plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government. If, subsequent to the entry of the Court's EAJA Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney fees to offset, the Commissioner may honor Plaintiff's signed assignment of EAJA fees providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff.

If, however, the Commissioner discovers that Plaintiff owes the government any debt subject to offset, the Commissioner shall pay any attorney fees remaining after such offset to Plaintiff, rather than to counsel.

Signed: March 25, 2016

Max O. Cogburn Jr
United States District Judge